Taft Stettinius & Hollister LLP
Briana Long, Atty. Reg. # 8-7002
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
303.297.2900 (Telephone)
303.298.0940 (Facsimile)
blong@taftlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| DANIEL HORTON,<br><br>Plaintiff,<br><br>v.<br><br>XANTERRA PARKS & RESORTS, INC., a Delaware corporation<br><br>Defendant. | Civil Action No: 1:26-cv-00026-SWS |

**DEFENDANT XANTERRA PARKS & RESORTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR DEFAULT JUDGMENT, SANCTIONS, AND PROTECTIVE RELIEF**

Defendant Xanterra Parks & Resorts ("Xanterra"), by its counsel, hereby respectfully submits this response in opposition to Plaintiff's Emergency Motion for Default Judgment, Sanctions, and Protective Relief ("Plaintiff's Motion") (ECF No. 38). Plaintiff's Motion should be denied. Plaintiff identifies no default by Xanterra, no violated Court order, and no legal or factual basis for the extraordinary relief he seeks. Rather, Plaintiff's Motion arises from a dispute over the format and logistics of Plaintiff's properly noticed deposition. Xanterra reasonably and repeatedly attempted to accommodate Plaintiff's stated transportation concerns, including by noticing the deposition near his residence, offering transportation, restoring the original deposition location

after Plaintiff objected to a venue change, and arranging alternate transportation after learning that rideshare options were not workable. Plaintiff nevertheless did not appear for his deposition and instead filed this Motion. If the Court concludes that additional case-management is warranted, Xanterra is prepared to participate in an informal discovery conference or other process the Court directs to facilitate completion of Plaintiff's deposition.

## I. FACTUAL BACKGROUND

On July 31, 2026, Xanterra served Plaintiff Daniel Horton with notice that his deposition would occur in person in Troy, Montana on August 14, 2026. (*See* Ex. A; Ex. B). Xanterra scheduled the deposition in Plaintiff's hometown rather than requiring Plaintiff to travel to Wyoming, where he filed this action. (*See* Ex. B.) In its service correspondence, Xanterra acknowledged Plaintiff's stated preference for a remote deposition, explained that Xanterra intended to proceed with an in-person deposition, and advised that Plaintiff could seek appropriate relief from the Court if he objected to the noticed format. (*See id.*)

Xanterra also sought to reduce the practical burden associated with an in-person deposition. It offered to arrange transportation to and from the deposition and invited Plaintiff to identify additional reasonable accommodations that could address his asserted concerns. (*See id.*) Plaintiff did not respond to the deposition notice or request a protective order before the deposition date.

On August 12, 2026, Xanterra informed Plaintiff that a scheduling conflict required a change in the deposition venue from Troy to nearby Libby, Montana. (*See* Ex. C.) To accommodate the additional travel, Xanterra proposed delaying the deposition start time by one hour and again offered transportation. (*See id.*) Plaintiff reiterated his request that the deposition proceed remotely. (*See id.*)

After Plaintiff objected to the venue change, Xanterra secured the originally noticed Troy location and restored the originally noticed 9:00 a.m. start time. (*See id.*) Plaintiff in the correspondence noted that he planned to attend the deposition in person at the originally noticed location and time if Xanterra arranged transportation. (*See id.*) Xanterra thereafter attempted to arrange transportation consistent with that representation.

On August 13, 2026, Xanterra provided Plaintiff with an Uber voucher for transportation to and from the Troy deposition location. (*See* Ex. D.) Plaintiff responded that Uber was not available or workable in Troy and again requested that the deposition be conducted remotely. (*See id.*) Upon learning that the rideshare arrangement would not work, Xanterra promptly sought alternate transportation for Plaintiff to attend the scheduled deposition. (*See id.*) The later correspondence that evening concerned those efforts to arrange transportation after the rideshare option was noted by Plaintiff to be unavailable or impracticable. (*See id.*) It was not an attempt to alter the deposition date, impose new obligations on Plaintiff, or obtain any relief without Court involvement.

On the morning of August 14, 2026, Greg Salina, who had been arranged to provide transportation, arrived at Plaintiff's residence at approximately 8:45 a.m. to transport Plaintiff to the deposition. (*See* Ex. E.) Mr. Salina is not involved in this action and did not enter Plaintiff's residence, request entry, or engage Plaintiff in any discussion regarding the merits of this action. After waiting approximately thirty minutes and receiving no response despite multiple attempts to contact Plaintiff at the residence, Mr. Salina left. Plaintiff did not attend the deposition or notify Xanterra before its scheduled start time that he would not appear. (*See* Ex. F.) Instead, at 9:23 a.m. Plaintiff filed the present Motion. (*See* ECF No. 38.)

Plaintiff also asserts that Xanterra's possession of his e-bike deprived him of transportation. (*See id.*) That assertion does not support the relief Plaintiff seeks or excuse his nonappearance for the deposition. Xanterra has repeatedly informed Plaintiff that the e-bike remains available for retrieval in Gardiner, Montana and may be collected by Plaintiff or a person he designates. (*See* ECF No. 28 at Xanterra_000329.) Xanterra has not mailed the e-bike because of its lithium battery and related shipping limitations make shipment impracticable. (*See id.*). Xanterra has also attempted to reimburse Mr. Horton for the value of the e-bike before Plaintiff commenced litigation. (*See id.* at Xanterra_000192–Xanterra_000193.) In any event, Xanterra did not require Plaintiff to use the e-bike to attend his deposition; it offered and attempted to arrange separate transportation to and from the deposition location.

## II. LEGAL STANDARD

Before a party may obtain a default judgment under Rule 55(a) of the Federal Rules of Civil Procedure, the clerk must first enter default. *See e.g.*, *Cunningham v. Technologic United States*, No. 19-CV-00231-F, 2020 U.S. Dist. LEXIS 257236, at *7 (D. Wyo. Jan. 6, 2020). Default may be entered "[w]hen a party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Id.* (quoting FED. R. CIV. P. 55(a)). Default "judgment should only be entered in extreme situations" and is "available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at *8 (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

Plaintiff does not identify a procedural rule authorizing the sanctions he seeks. To the extent Plaintiff relies on Rule 37 of the Federal Rules of Civil Procedure, the request fails because he identifies no discovery order that Xanterra violated and no conduct by Xanterra that would

warrant sanctions. Nor does Plaintiff's Motion establish the bad faith necessary to support sanctions under the Court's inherent authority.

Rule 26(c) of the Federal Rules of Civil Procedure permits a court, for good cause, to enter an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1). Rule 26(c) further requires a motion for protective order to include a certification that the movant has in good faith conferred or attempted to confer with the affected parties in an effort to resolve the dispute without court action. *Id.* The relief available under Rule 26(c) may include specifying reasonable terms for discovery—including its time, place, or method—or prescribing a method of discovery other than the method selected by the requesting party. *Id.* But a party seeking such relief must make a particularized showing of good cause; conclusory allegations of burden, inconvenience, or misconduct are insufficient.

## III. ARGUMENT

Plaintiff's Motion rests on a disagreement concerning the format and transportation logistics for his deposition. The record does not show a default, violation of a Court order, bad-faith discovery conduct, or any other basis for the extraordinary relief Plaintiff requests. Plaintiff cannot obtain default judgment, sanctions, cancellation of the deposition, or closure of discovery based on his unilateral preference for a remote deposition and disagreement with Xanterra's attempted transportation arrangements.

### A. Plaintiff Has No Basis for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure authorizes entry of default when a party "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). The Clerk has not entered default against Xanterra, nor could it: Xanterra has appeared, responded to Plaintiff's claims, and actively

participated in this action. Plaintiff identifies no failure by Xanterra to plead, defend, or comply with a Court order.

Plaintiff instead relies on assertions that Xanterra acted improperly in connection with a scheduled deposition. But a dispute regarding whether a deposition should proceed in person or remotely—and the logistics of arranging transportation—does not constitute a failure to defend and cannot support default judgment. The extraordinary default relief Plaintiff requests is therefore unavailable as a matter of law.

Plaintiff's assertion that forensic imaging purportedly establishes his claims does not alter the Rule 55 analysis. Plaintiff may not obtain judgment by declaring the factual record complete or liability established while discovery and the ordinary adversarial process remain ongoing. The Court has not entered liability findings, excused Plaintiff from discovery, or closed discovery on the grounds Plaintiff asserts.

**B. Plaintiff Has Not Established a Basis for Sanctions**

Plaintiff does not identify the rule under which he seeks sanctions, the particular conduct that allegedly violates that rule, or any Court order Xanterra violated. The Court did not order Xanterra to conduct Plaintiff's deposition by Zoom, prohibit an in-person deposition, prescribe a particular transportation method, or otherwise restrict the conduct challenged in Plaintiff's Motion. Nor did Plaintiff obtain, or even seek, a protective order relieving him of the obligation to attend the noticed deposition.

The record instead reflects Xanterra's good-faith efforts to facilitate Plaintiff's attendance at an in-person deposition. Xanterra noticed the deposition near Plaintiff's residence, rather than requiring Plaintiff to travel to Wyoming; offered to arrange transportation; proposed a later start

time when a venue adjustment became necessary; restored the originally noticed location and time after Plaintiff objected to the change; and sought alternative transportation after Plaintiff advised that the Uber arrangement was not workable. Plaintiff also stated that he planned to attend the in-person deposition at the original location and time if transportation was arranged. (*See* Ex. C.) Xanterra acted on the representation and attempted to arrange transportation.

Xanterra's accommodation efforts do not constitute bad faith, obstruction, harassment, or discovery abuse. Xanterra was entitled to obtain deposition discovery from Plaintiff concerning his claims, factual allegations, and claimed damages. Plaintiff's preference for a remote deposition did not require Xanterra to agree to that format, and it did not excuse Plaintiff from attending a properly noticed deposition in the absence of a protective order or other direction from the Court. To the extent Plaintiff believed the noticed deposition imposed an undue burden, he could have sought a protective order, requested an informal discovery conference, or conferred with Xanterra in good faith regarding alternative logistics before the scheduled deposition. He did not do so.

Even assuming Plaintiff had identified a genuine logistics burden, the relief he now seeks is not tailored to that burden. The appropriate remedy for a discovery logistics dispute would be prospective guidance concerning the time, location, transportation arrangements, or methods for completing Plaintiff's deposition—not cancellation of the deposition, closure of discovery, default judgment, or sanctions. If the Court concludes that further direction is warranted, Xanterra is prepared to reschedule Plaintiff's deposition on reasonable terms.

### C. Plaintiff Is Not Entitled to Protective Relief or Closure of Discovery

Plaintiff also requests "protective relief," cancellation of the deposition, and closure of discovery (ECF No. 38 at 2.) However, Plaintiff identifies no basis to prohibit Xanterra from taking

the deposition of a party who initiated this action. Plaintiff's preference for a remote deposition did not itself relieve him of the obligation to appear for a noticed in-person deposition, particularly where he did not seek or obtain a protective order before the deposition date.

Further, Plaintiff's assertion that forensic imaging is "conclusive" and that "nothing further" remains to discover does not permit him to unilaterally foreclose Xanterra's discovery. (ECF No. 38 at 1.) Xanterra is entitled to obtain discovery relevant to Plaintiff's factual allegations, claimed damages, claimed losses, and other issues in dispute. A plaintiff's own assessment of the strength of his evidence does not terminate discovery or eliminate the opposing party's right to test that evidence and the plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant Xanterra respectfully requests that the Court deny Plaintiff's Emergency Motion for Default Judgment, Sanctions, and Protective Relief (ECF No. 38) in its entirety. Plaintiff has not established a basis for default judgment, sanctions, cancellation of his deposition, closure of discovery, or any other requested relief. Xanterra further requests that the Court permit Xanterra to reschedule and complete Plaintiff's deposition on reasonable terms and grant such other and further relief as the Court deems just and proper.

DATED: August 28, 2026

Respectfully submitted

By: */s/ Briana D. Long*

Briana D. Long, #8-7002
blong@taftlaw.com
Aaron P. Bradford (*pro hac vice*)
abradford@taftlaw.com
Taft Stettinius & Hollister LLP
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
303.297.2900 (Telephone)
303.298.0940 (Facsimile)

*Attorney for Defendant Xanterra Parks & Resorts, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, the foregoing **DEFENDANT XANTERRA PARKS & RESORTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR DEFAULT JUDGMENT, SANCTIONS, AND PROTECTIVE RELIEF** was mailed to all parties listed below:

Daniel Horton
1890 River Road
Troy, MT 59935

*Pro Sea*

*/s/ Briana D. Long*
Briana D. Long, #8-7002